BRYAN SCHRODER
United States Attorney

WILLIAM A. TAYLOR
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: william.taylor@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW JAMES SCHARBER,<br><br>Defendant. | ) No. 3:17-cr-00013-TMB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, through Assistant United States Attorney William A. Taylor, hereby files this sentencing memorandum for the resentencing scheduled for November 1, 2019, at 1:00 p.m.

//

//

//

//

//

## GOVERNMENT'S SENTENCING RECOMMENDATIONS

INCARCERATION .............................................................................LIFE

SPECIAL ASSESSMENT .............................................................$100.00

RESTITUTION ..................................................................................TBD

FINE.................................................................................................. N/A

SUPERVISED RELEASE.................................................................. N/A

### I.      Introduction

The defendant appears for resentencing after pleading guilty to all charges for assaulting, robbing, kidnapping, and ultimately shooting two victims in retaliation over a stolen wallet. This case was remanded for resentencing by the Ninth Circuit over two grouping errors in the original Guideline calculation. However, the Ninth Circuit upheld the enhancements for Obstruction of Justice, and for his leadership role. Nothing in the Ninth Circuit's opinion expressed disapproval of the previously imposed life sentence. Thus, given the extremely violent actions carried out by the defendant, the government continues to recommend a sentence of life in prison.

### II.     Background

On October 27, 2016, Matthew Scharber lured brothers K.A.K. and K.T.K. to Matthew Scharber's apartment in Anchorage. Once the victims were inside the apartment Corey Sylva and Michael Elder came out from the back of the apartment and held them at gunpoint. The victims were then bound with speaker wire and handcuffs before being beaten by the three men with fist, feet, and a large wooden pole. The victims were robbed of personal property off their person, and from their vehicle. The beating was in retaliation for K.A.K. and K.T.K. stealing Sylva's wallet approximately one week earlier. When the defendants were stealing items out of the victim's vehicle, they found property, which was from Sylva's wallet.

The rear cargo windows of the victim's Subaru station wagon were spray painted black by Scharber. The victims were blindfolded and loaded into the cargo area of their

own station wagon. K.T.K. was beaten unconscious and his pants were taken off of him. K.A.K. was feigning unconsciousness as he was loaded into the car. Sylva and Elder loaded the victims into the vehicle. Scharber and an unknown female then drove the Subaru away from his apartment in Anchorage with both victims bound in the back of the car, eventually taking them to Hatcher's Pass, a remote mountainous area an hour from Anchorage. Scharber ordered the victims out of the vehicle and shot them multiple times. He shot one victim three times; in the upper left arm, left thigh, and abdomen. Scharber shot the other victim twice: once in the upper left chest, and again the right elbow.

Scharber left the men to die in the freezing nighttime temperatures of late October. The victims were on the ground in that remote area for approximately two and a half hours before a passing motorist spotted them. Both men were still alive. An investigation revealed that one victim had been restrained with wire and tape, and the other had been handcuffed. Both victims had been gagged with a sock and duct tape. Law enforcement also located four .380 caliber casings near where the victims were found. The .380 ammunition was later determined to be the wrong size for the handgun that Scharber used. Law enforcement believed using the wrong caliber ammunition may have reduced the severity of the damage caused to the victims by the bullets. The victims were rushed to the hospital by a LifeMed helicopter where they received lifesaving emergency treatment.

On November 1, 2016, law enforcement contacted Scharber at his apartment. He was carrying a black backpack at the time. Pursuant to a warrant, Troopers searched Scharber's apartment and found the handgun, shotgun, and wooden pole that were used in the assault, the victim's broken cell phones, and other items of the victim's property. They also found a can of black spray paint. Inside of Scharber's black backpack was one ounce of methamphetamine.

After co-defendant Sylva was arrested he stated that Scharber wanted to assault the victims to retaliate for the stolen wallet. Scharber wanted to "protect his business" and "make it known in the neighborhood that he would take care of his own problems." Scharber was a known distributer of methamphetamine, and was facing separate federal

charges for that offense.[1]

Scharber was arrested and initially charged with state offenses. During a transport to state court on November 14, 2016, he was discovered with a note that read "[K.A.K.] and [K.T.K] are rats I need them dealt with." The note was seized by corrections officers.

## III.    Summary of the Sentencing Argument

While this case was remanded for resentencing, a Life sentence is still called for in the circumstances of this case. The defendant undertook every step necessary in order to commit a coldblooded double homicide. This included marching the two victims out of the vehicle at gunpoint, on the side of a freezing mountain, as they begged for their lives. Unpersuaded by their pleas for life he shot each one multiple times. He even made sure to shoot K.A.K. again while he laid on the ground. He then left them to either freeze to death, or die from their gunshot wounds. It was only because of unique combination of circumstances that both victims ultimately survived. First, Scharber used the incorrect sized ammunition in the handgun, which likely reduced the velocity and lethality of the projectile. Additionally, the cold weather prevented them from bleeding to death. The defendant's conduct was violent to such an extreme that only a sentence of life in prison is sufficient.

This Court previously stated that Scharber's crimes were among the most serious of offenses, and Scharber intended to kill both of the victims. This Court also found that Scharber was the one who decided to bring the victims to remote Hatcher's Pass to execute them and leave them for dead. This made Scharber's conduct exponentially more serious than that of his co-defendants.

## IV.    Sentencing Calculations

### a.    Statutory Minimum and Maximum Sentence

The defendant plead guilty to counts 1-5 of the Indictment charging:

Count 1: Conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c). The maximum penalty is life imprisonment, $250,000 fine, 5 years supervised release, and a $100 S/A.

---

[1] That case has since been dismissed after Scharber originally received a life sentence in this case.

U.S. v. Scharber
3:17-cr-00013-TMB                            Page **4** of **8**

Counts 2-3: Kidnapping in violation of 18 U.S.C. § 1201(a). The maximum penalty is life imprisonment, $250,000 fine, 5 years supervised release, and $100 S/A.

Count 4: Carjacking in violation of 18 U.S.C. § 2119. The maximum penalty is 25 years of incarceration, $250,000 fine, 5 years of supervised release, and $100 S/A.

Count 5: Possessing, Brandishing, and Discharging a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), (ii), and (iii). This crime has a mandatory minimum sentence of 10 years of incarceration. The maximum penalty is life imprisonment, $250,000 fine, 5 years of supervised release, and $100 S/A.

*b.*    *Guideline Calculation*

The government asserts in a companion filing that the U.S.S.G. range is appropriately Life. While the Guideline in this case provides an important starting point, this sentencing in this case is much more heavily driven by the unique set of factors which justifies a life sentence regardless of the Guideline range.

i.    **Statutory Sentencing factors**

In Title 18 U.S.C. § 3553(a), Congress instructed the sentencing judge to consider (1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution.

*a.*    *Nature and Circumstances of the offense*

The seriousness of this offense is clearly evident. The defendant planned a brutal revenge attack on two men he lured over to his apartment. The men were tied up at gunpoint before being beaten for an extended period by three men who were using their hands, feet, and a wooden rod. One of the men was beaten unconscious, and his pants were then stolen off his person. The victims were robbed and then loaded into the cargo area of their own vehicle. They were driven over an hour away to Hatcher's Pass Mountain outside of Palmer.

Once they were driven up the mountain, Scharber marched them out of the car and away from the road. As the two men stood there, with hands still bound, Scharber pointed

a handgun at them. He then attempted to execute the men by shooting each one multiple times. He left them on the side of the freezing mountain in the snow to die. However, because Scharber had used the wrong type of ammunition, the bullets were not lethal. The men now had to combat the elements, while tied up, shot, and one of them without pants on. After several attempts, the victims were able to flag down a vehicle who then called for help. The men were transported by medical helicopter to the hospital where they received emergency medical treatment.

Scharber was arrested several days later and initially charged with state crimes related to the event. On November 14, 2016, while being transported to court, he was found with a note requesting that the victims be "dealt with", and referred to them as "rats".

b.    *Offender Characteristics*

The defendant has no prior criminal convictions. However, leading up to this crime he had been involved in dealing narcotics, which was one of the motivations to commit the crime. During several police contacts in the two months prior to the crime, he was found each time to be in possession of firearms and methamphetamine.

c.    *Basic aims of sentencing*

i.    Seriousness of the offense and the need for a just punishment

As noted above, this was an extremely serious and violent offense. With only a slight change in circumstances, this case would have been a double homicide.

ii.    Afford adequate deterrence

Deterring offenders from engaging in violent street justice is an important sentencing goal. Also, a sentence which reflects that using firearms in the furtherance of violent crime and drug trafficking will be met with stiff penalties is necessary to provide some measure of deterrent.

iii.    Protect the public from further crimes by the defendant

Protection of the public should be an important sentencing factor in this case. The defendant has shown a willingness to commit premeditated crimes of violence. He was routinely was found with firearms and narcotics, and was willing to commit murder in order to send a message that he would violently take care of anyone who crossed him.

iv.    Provide the defendant with needed educational or vocational training, and other care as needed.

The defendant will be able to take advantage of programs while in custody. However, the other sentencing factors should be prioritized given the nature of the conduct in this case.

d.    *Kinds of sentences available and sentencing range*

The combined penalty for these crimes is between 10 years and life.

e.    *Sentencing Guidelines*

The United States position is the proper Guideline range of Life, plus 10 years consecutive for Discharging a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. §924(c).

f.    *Parity in Sentencing*

A sentence of life is justified for this kidnapping and attempted double murder with a firearm.

g.    *Need for restitution*

The United States Attorney's Office has not received a request for restitution as of the filing of this memorandum. The victims previously stated they would not be seeking restitution.

**V.    Conclusion**

Based upon the sentencing factors in Title 18 U.S.C. § 3553(a), and as those factors are embraced through the Guidelines, a sentence of Life imprisonment is necessary to meet the ends of justice.

RESPECTFULLY SUBMITTED October 22, 2019, at Anchorage, Alaska.

BRYAN SCHRODER
United States Attorney

s/ William A. Taylor
WILLIAM A. TAYLOR
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on October 22, 2019,
a copy of the foregoing was served
electronically on:

Counsel of Record

s/ William A. Taylor
Office of the U.S. Attorney